[Cite as *Markup v. Ohio Dept. of Job & Family Servs.*, 2023-Ohio-1170.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| THE MARKUP, et al. | Case No. 2022-00279PQ |
| Requesters | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} On March 28, 2022, The Markup, through Todd Feathers, filed a public-records complaint against Respondent Ohio Department of Jobs and Family Services (ODFJS) "for documents related to the agency's contract with Google and Carahsoft for an unemployment insurance fraud prediction system." The Markup asserted that it had asked ODJFS "for five different, specific records." The Markup further asserted that it asked ODJFS to "provide [it] with unredacted versions of the responsive records."

{¶2} ODJS responded to the complaint, urging that it "[had] provided all responsive records, and all redactions made to those records are appropriate as they contained infrastructure or security records or are trade secrets."

{¶3} On February 7, 2023, a Special Master issued a Report and Recommendation (R&R) in this case. The Special Master "finds that the data factors, flags, weights, and thresholds entered into the Dashboard software meet the definition of 'infrastructure records.' Review of the redacted information *in camera* shows that for the most part ODJFS has redacted material that falls squarely within the exemption as listed in the privilege log. However, ODJFS was overinclusive in redacting some chapter titles, two sentences that merely contain the word 'configuration,' and certain other innocuous text." (R&R, 8.)

{¶4} The Special Master further "finds that none of the redacted weekly report information, other than the listed flags, disclose a security record on its face." (R&R, 12.)

The Special Master "concludes that ODJFS has met its burden to prove that some but not all of the data referenced as security records in the privilege log falls squarely under the exception for "information directly used for protecting or maintaining the security of a public office against attack, interference, or sabotage," as identified in the tables at the end of [the Report and Recommendation]." (R&R, 12.) The Special Master also "finds that ODJFS has failed to meet its burden to prove that any of the withheld records falls squarely within the trade secret exemption." (R&R, 14.)

{¶5} In the Report and Recommendation, the Special Master prepared Exemption Tables with a Legend. The Special Master "recommends the court order respondent to provide requester with copies of the records and portions of records identified in the Exemption Tables in bold underline as not falling under a proven exemption. It is recommended that costs be assessed to respondent." (R&R, 16.)

{¶6} Neither party has timely objected to the Report and Recommendation, as permitted by R.C. 2743.75(F)(2). Pursuant to R.C. 2743.75(F)(2), if neither party timely objects to a special master's report and recommendation, then this Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."

{¶7} Upon review, the Court determines that there is no error of law or other defect evident on the face of the Report and Recommendation. The Court adopts the Report and Recommendation. The Court orders ODJFS to provide The Markup with copies of the records and portions of records as identified in the Exemption Tables in bold underline, as stated in the Report and Recommendation. Because ODJFS has denied The Markup access to public records in violation of R.C. 149.43(B), The Markup is entitled to recover from ODJFS the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by The Markup, excepting attorney fees. Court costs are assessed against ODJFS. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed March 17, 2023**
**Sent to S.C. Reporter 4/7/23**